**WEST PARK ASSOCIATES, a California limited partnership, et al., Plaintiffs,**

**v.**

**BUTTERFIELD SAVINGS & LOAN ASSOCIATION, a California savings and loan association, et al., Defendants.**

Cv. No. 85–2011–DA.
Nos. 85–2012–DA, 86–296–DA.

United States District Court,
D. Oregon.

March 4, 1992.

## ORDER

FRYE, District Judge:

The matter before the court is the motion of defendant Robert L. Pike for the entry of final judgment (# 360).

On February 1, 1991, Pike filed a Chapter 7 proceeding in bankruptcy. On September 6, 1991, this court granted Pike's motion for summary judgment. In so doing, this court adopted in its entirety the Findings and Recommendation of Magistrate Judge William M. Dale in which Judge Dale concluded that Pike was enti-

tled to an order of summary judgment because when Pike filed his petition in bankruptcy, this court no longer had jurisdiction. Plaintiffs did not file an objection to the Findings and Recommendation of Judge Dale.

Pike now moves the court for the entry of a judgment of dismissal and for an order requiring plaintiffs to pay to him attorneys fees in the amount of $1,753.00.

Plaintiffs do not oppose the entry of a judgment of dismissal pursuant to Fed. R.Civ.P. 54 but oppose any award of attorneys fees.

## ATTORNEYS FEES

Pike contends that he is entitled to an award of attorneys fees in the sum of $1,753.00. These are the fees that he incurred from February 1, 1991, the date he filed his petition in bankruptcy until the time his motion for summary judgment was granted. Pike relies upon ORS 20.094 which provides:

> In any action or suit on a debt, the court shall award the debtor who is a defendant a reasonable attorney fee at trial ..., in addition to disbursements, if the defendant prevails on the grounds of discharge in bankruptcy.

Plaintiffs contend that 1) ORS 20.094 applies only to a "debt" and not a "claim" as is the case here; 2) the statute does not apply where, as here, there was no trial; and 3) plaintiffs have had no notice of any claim for attorneys fees and cannot be held liable for such fees.

Pike contends that there is no basis to distinguish a "debt" from a "claim" in applying ORS 20.094, and the fact that he prevailed on a motion for summary judgment in this case does not preclude his right to attorneys fees.

## RULING OF THE COURT

The provisions of ORS 20.094 operate to penalize a litigant who proceeds with litigation where a debt owed to him has been discharged in bankruptcy. Therefore, after Pike filed his petition in bankruptcy on February 1, 1991, plaintiff's action against

him on a debt became groundless. This action was eventually dismissed on September 1, 1991 because this court no longer had jurisdiction. Defendants are entitled to those attorneys fees incurred after February 1, 1991 pursuant to ORS 20.094.

Motion by defendant Robert L. Pike for entry of final judgment (# 360) is granted. Pike is awarded attorneys fees in the amount of $1,753.